**CV 14     4289**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

JAMES BRADLEY,

           GARAUFIS, J. Plaintiff,

   -against-     LEVY, M.J.

CITY OF NEW YORK, YANIRA GOLPHIN, Individually, ERIC DELMAM, Individually, and JOHN and JANE DOE 1 through 10, Individually (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                     Defendants.

-------------------------------------------------------------------X



**COMPLAINT**

Index No.:

<u>Jury Trial Demanded</u>



RECEIVED
JUL 11 2014
PRO SE OFFICE

     Plaintiff JAMES BRADLEY, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

     1.    Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

### JURISDICTION

     2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

     3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

     4.    Venue is properly laid in the Eastern District of New York under 28 U.S.C.




§ 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.  Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.  Plaintiff JAMES BRADLEY is a forty-nine year old African-American man residing in Brooklyn, New York.

7.  Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.  Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.  That at all times hereinafter mentioned, the individually named defendants, YANIRA GOLPHIN, ERIC DELMAM, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by

said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. On April 14, 2013, at approximately 7:00 a.m., plaintiff JAMES BRADLEY was present in his home, located at 609 Warwick Street, when the defendant officers entered BRADLEY'S home and handcuffed him.

13. While BRADLEY was restrained by said handcuffs defendant YANIRA GOLPHIN repeatedly struck BRADLEY on his back, hand and wrist with a tactical asp/baton. Thereafter, while BRADLEY was still restrained by said handcuffs, defendant YANIRA GOLPHIN struck BRADLEY in the chest with a tactical asp/baton.

14. Defendants YANIRA GOLPHIN, ERIC DELMAM, and JOHN and JANE DOE 1 through 10 either directly participated in the above conduct, supervised the above conduct and/or failed to intervene, despite a reasonable opportunity to do so.

15. The defendants transported BRADLEY to Brookdale University Hospital and Medical Center where BRADLEY was treated for his injuries. Thereafter, BRADLEY received follow up treatment for injuries with other doctors and health care professionals.

16. As a result of the above described actions of the defendants, BRADLEY suffered serious physical injuries including bruising, swelling, and pain, to his back, left hand and chest, and nerve damage to his left hand causing numbness.

17. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the

inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of falsification, of lax investigations of police misconduct, and of covering up abuse by fellow officers.

18. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force and engage in cover ups of police abuse.

19. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

20. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

21. As a result of the foregoing, plaintiff JAMES BRADLEY sustained, *inter alia*, physical injuries which are progressive and apparently permanent, emotional distress, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

22. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "21" with the same force and effect as if fully set forth herein.

23. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

24. All of the aforementioned acts deprived plaintiff JAMES BRADLEY of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

25. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

26. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

27. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

28. As a result of the foregoing, plaintiff JAMES BRADLEY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

29. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff JAMES BRADLEY'S constitutional rights.

31. As a result of the aforementioned conduct of defendants, plaintiff JAMES BRADLEY was subjected to excessive force and sustained serious physical injuries and emotional distress.

32. As a result of the foregoing, plaintiff JAMES BRADLEY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if

fully set forth herein.

34. Defendants had an affirmative duty to intervene on behalf of plaintiff JAMES BRADLEY, whose constitutional rights were being violated in their presence by other officers.

35. The defendants failed to intervene to prevent the unlawful conduct described herein.

36. As a result of the foregoing, plaintiff JAMES BRADLEY was subjected to excessive force.

37. As a result of the foregoing, plaintiff JAMES BRADLEY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983)

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. The supervisory defendants, including defendant ERIC DELMAM, personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

40. As a result of the foregoing, plaintiff JAMES BRADLEY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to

punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

41. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

43. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, using excessive force against individuals. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff JAMES BRADLEY'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

44. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate

indifference to the safety, well-being and constitutional rights of plaintiff JAMES BRADLEY.

45. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff JAMES BRADLEY as alleged herein.

46. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff JAMES BRADLEY as alleged herein.

47. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff JAMES BRADLEY was subjected to physical abuse.

48. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff JAMES BRADLEY'S constitutional rights.

49. All of the foregoing acts by defendants deprived plaintiff JAMES BRADLEY of federally protected rights, including, but not limited to, the right:

    A. To be free from excessive force;

    B. To be free from the failure to intervene;

50. As a result of the foregoing, plaintiff JAMES BRADLEY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to

punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

51. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

53. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

54. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

55. Plaintiff has complied with all conditions precedent to maintaining the instant action.

56. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

57. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58. As a result of the foregoing, plaintiff JAMES BRADLEY was placed in

apprehension of imminent harmful and offensive bodily contact.

59. As a result of defendant's conduct, plaintiff JAMES BRADLEY has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

60. As a result of the foregoing, plaintiff JAMES BRADLEY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

61. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62. Defendants made offensive contact with plaintiff JAMES BRADLEY without privilege or consent.

63. As a result of defendants' conduct, plaintiff JAMES BRADLEY has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

64. As a result of the foregoing, plaintiff JAMES BRADLEY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

65. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

67. As a result of the foregoing, plaintiff JAMES BRADLEY is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff JAMES BRADLEY demands judgment and prays for the following relief, jointly and severally, against the defendants:

    (A)    full and fair compensatory damages in an amount to be determined by a jury;

    (B)    punitive damages against the individual defendants in an amount to be determined by a jury;

    (C)    reasonable attorneys' fees and the costs and disbursements of this action; and

    (D)    such other and further relief as appears just and proper.

Dated: Brooklyn, New York
July 11, 2014

_____
JAMES BRADLEY, Plaintiff
609 Warwick Street
Brooklyn, NY 11207

LISSA GREEN-STARK
NOTARY PUBLIC-STATE OF NEW YORK
No. 02GR6247505
Qualified in Kings County
My Commission Expires August 29, 2015

13

WHEREFORE, plaintiff demands [illegible] the following relief jointly and severally against the defendants:

(a) full and fair compensatory damages in an amount to be determined by a jury;

(b) punitive damages against the individual defendants in an amount to be determined by a jury;

(c) reasonable attorneys' fees and the costs and disbursements of this action;

(d) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
July [illegible], 2014

[illegible]

LISSA GREEN-STARK
NOTARY PUBLIC-STATE OF NEW YORK
No. 02GR6247505
Qualified in Kings County
My Commission Expires August 29, 2015

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

JAMES BRADLEY,

                                                                     Plaintiff,

      -against-

CITY OF NEW YORK, YANIRA GOLPHIN, Individually, ERIC DELMAM, Individually, and JOHN and JANE DOE 1 through 10,Individually (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                                   Defendants.

------------------------------------------------------------------------------X

**COMPLAINT**

P.O. Yanika Golphin & Lt. ERIC Delmam

Both officers are from same present

75th present
1000 Sutter av
Brooklyn, NY. 11208