UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JAMES BRADLEY,

                Plaintiff,                        **MEMORANDUM & ORDER**

                                                            14-CV-4289 (NGG) (RML)
        -against-

YANIRA GOLPHIN and ERIC DELMAM,

                Defendants.
-----------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff James Bradley brings this pro se action against Defendants Yanira Golphin and Eric Delmam[1] pursuant to 42 U.S.C. §§ 1983, 1988, the Fourth, Fifth, and Eighth Amendments to the United States Constitution, and certain state tort laws. (Am. Compl. (Dkt. 13).)[2] Defendants Golphin and Delmam filed a motion for partial summary judgment on Plaintiff's equal protection, deprivation of property, and supplemental state tort law claims. (Defs. Mot. for Summ. J. ("Defs. Mot.") (Dkt. 73).) Plaintiff filed a memorandum in opposition and cross-motion to compel discovery. (Pl. Mem. in Opp'n ("Pl. Mem.") (Dkt. 73-5).) Magistrate Judge Robert M. Levy denied Plaintiff's cross-motion for discovery. (Apr. 27, 2017, Min. Entry.)

For the following reasons, Defendants' motion for partial summary judgment is GRANTED IN PART and DENIED IN PART.

---

[1] The caption for this proceeding lists Defendant Eric Delmam's last name as "Delmam," but Defendants' motion for partial summary judgment (Dkt. 73) lists his last name as "Delman." Defendants should alert the court to the misspelling if there is in fact an error in the caption.

[2] The City of New York initially was a Defendant in this case as well. (Am. Compl.) On October 5, 2016, the court denied Plaintiff's request to serve the City of New York with the pleadings in this case outside of the time period allowed by Rule 4(m) of the Federal Rules of Civil Procedure. The court further granted Defendants' application to remove the City of New York from the case caption. Now, in their Motion for Partial Summary Judgment, Defendants ask the court to formally dismiss all claims against the City of New York. (Defs. Mot.) The court grants this request and hereby formally dismisses all claims against the City of New York.

1

I.  **BACKGROUND**

   A.  **Factual Background**

The following facts are not in dispute for the purpose of this motion.[3]

On April 14, 2013, in Brooklyn, New York, Plaintiff was arrested by Defendants, who are police officers, for unlawful imprisonment and sexual abuse. (Defs. R. 56.1 Statement (Dkt. 73-1) ¶ 3.) Plaintiff alleges that during the course of the arrest, a diamond watch, a title to a car, and $8,000 in cash went missing from a safe in his apartment. (Id. ¶ 5.) Plaintiff also alleges that $78 was taken from his pants pocket by police at the precinct and was never returned. (Id. ¶ 6.)

The Comptroller's Office of the City of New York received a notice of claim from Plaintiff referencing the April 14th arrest on July 11, 2013. (Id. ¶ 9.) On September 20, 2013, the Comptroller's Office sent a notice of a hearing under New York General Municipal Law § 50-h ("50-h Hearing"), scheduling the 50-h Hearing for November 21, 2013. (Id. ¶¶ 11, 13.) See also N.Y. Gen. Mun. L. § 50-h. While the notice stated that Plaintiff was allowed one adjournment without cause, Plaintiff's attorney requested two adjournments "due to scheduling conflict[s]" which the City obliged. (Id. ¶¶ 16, 18-22.) The Plaintiff did not appear for the final scheduled 50-h Hearing on April 23, 2014. (Id. ¶ 23.) On July 11, 2014, Plaintiff filed the instant action. (Id. ¶ 1.)

   B.  **The Amended Complaint and the Motion for Partial Summary Judgment**

Plaintiff's Amended Complaint lists eleven causes of action. (Am. Compl.) Eight of the eleven causes of action are pursuant to federal statutes and the United States Constitution, and

---

[3] Plaintiff did not submit a Rule 56.1 Statement of Facts, which means the entirety of the Defendants' Rule 56.1 Statement of Facts will be deemed admitted for the purposes of this motion. See Local Civil Rule 56.1(c). In Plaintiff's Memorandum in Opposition, Plaintiff did not contest any of the relevant facts in Defendant's Rule 56.1 Statement of Facts. (Pl. Mem.)

2

three of the causes of action are pursuant to state tort laws. (Id.) Inter alia, Plaintiff's claims are for excessive force, equal protection, deprivation of property, failure to intervene, unlawful entry, supervisory liability, municipal liability, assault, and battery. (Id.)

In their motion for partial summary judgment, Defendants move for summary judgment only with respect to Plaintiff's (1) equal protection claim, (2) deprivation of property claim, and (3) supplemental state tort law claims. (Defs. Mot.)

## II. LEGAL STANDARDS

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A 'material' fact is one capable of influencing the case's outcome under governing substantive law, and a 'genuine' dispute is one as to which the evidence would permit a reasonable juror to find for the party opposing the motion." Figueroa v. Mazza, 825 F.3d 89, 98 (2d Cir. 2016) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

The moving party bears the initial burden to show an absence of genuine factual dispute. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). Summary judgment will be granted if the opposing party then "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). To defeat summary judgment, the opposing party must do more than demonstrate "some metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co., Ltd. v. Zanith Radio Corp., 475 U.S. 574, 586 (1986), and may not rely on "conclusory allegations." Twin Labs., Inc. v. Weider Health & Fitness, 900 F.2d 566, 568 (2d Cir.1990); see Joseph v. N. Shore Univ. Hosp., 473 F. App'x 34, 36 (2d Cir. 2012) (summary order) ("Conclusory allegations, conjecture, and speculation, . . . are

3

insufficient to create a genuine issue of fact." (quoting Shannon v. N.Y. City Transit Auth., 332 F.3d 95, 99 (2d Cir. 2003)). "[T]he Court 'must construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant.'" Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of N.Y., 822 F.3d 620, 631 n.12 (2d Cir. 2016) (quoting Beyer v. Cty. of Nassau, 524 F.3d 160, 163 (2d Cir. 2008)).

## III. DISCUSSION

### A. Equal Protection

When bringing a § 1983 claim based on excessive force, the specific constitutional right allegedly infringed is generally either the "Fourth Amendment's prohibition against unreasonable seizures of the person, or the Eighth Amendment's ban on cruel and unusual punishment." Graham v. Connor, 490 U.S. 386, 394 (1989) (identifying these as "the two primary sources of constitutional protection against physically abusive governmental conduct"). While Plaintiff also brings these claims against Defendants, in this motion we consider Plaintiff's assertion of an equal protection claim under the Fourteenth Amendment.

The Fourteenth Amendment commands that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Second Circuit recognizes two categories of equal protection claims that may be relevant for Plaintiff. First, a plaintiff may bring an equal protection claim based on intentional discrimination where a facially neutral law or policy is applied in an intentionally discriminatory manner on the basis of race or another protected class. Brown v. Oneonta, 221 F.3d 329, 337 (2d Cir. 2000), overruled in part on other grounds by Gonzaga Univ. v. Doe, 536 U.S. 273 (2002). Second, a plaintiff may also bring a "class of one" theory, claiming that he or she was

4

"intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment," despite the fact that the plaintiff does not allege membership in a particular class or group. Vill. of Willowbrook v. Olech, 528 U.S. 562, 564, (2000); Giordano v. City of New York, 274 F.3d 740, 743 (2d Cir. 2001).

Plaintiff's burden varies depending on which category of equal protection claim he brings. While Plaintiff's Amended Complaint is not clear on the precise nature of his equal protection claim, the court is mindful that Plaintiff's claims are to be construed liberally. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). As such, Plaintiff's equal protection claim is evaluated under both categories. If he claims that a facially neutral law has been applied in an intentionally discriminatory race-based manner, he "is not obligated to show a better treated, similarly situated group of individuals of a different race" in order for his claim to succeed. Ali v. Connick, 136 F. Supp. 3d 270, 277–78 (E.D.N.Y. 2015) (quoting Pyke v. Cuomo, 258 F.3d 107, 110 (2d Cir. 2001)). If his claim is not one of intentional racial discrimination, but rather a "class of one" claim, Plaintiff must demonstrate "an extremely high degree of similarity" between himself and the persons to whom he compares himself." Ruston v. Town Bd. for Town of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010) (quoting Clubside, Inc. v. Valentin, 468 F.3d 144, 159 (2d Cir.2006)).

Plaintiff has not alleged any facts suggesting a discriminatory application of a facially neutral law or policy, intentional or otherwise, based on race or any other suspect class. (See generally Am. Compl.; Pl. Mem.) Similarly, Plaintiff has not asserted that he was treated differently than any similarly situated individuals, nor even asserted the existence of any similarly situated individuals. (See generally id.) Since the plaintiff fails to allege facts supporting a theory of discrimination on the basis of a suspect class or selective treatment

compared to other similarly situated individuals, there is no basis for an equal protection claim under either theory.

Accordingly, the court grants Defendants' motion for summary judgment with respect to Plaintiff's equal protection claim against the Defendants.

### B. Deprivation of Property

A state employee's intentional deprivation of property generally does not violate an individual's procedural due process rights unless either (1) the state fails to make available a meaningful post-deprivation remedy, or (2) the deprivation was caused by the operation of established state procedures. Hudson v. Palmer, 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause . . . if a meaningful post-deprivation remedy for the loss is available."); Butler v. Castro, 896 F.2d 698, 700 (2d Cir. 1990) (clarifying that the Hudson standard applies when state employee's actions are "random and unauthorized" but that Section 1983 claims are not defeated if the deprivation "results from the operation of established state procedures").

There are numerous post-deprivation New York state law remedies available for intentional deprivation of property, including actions for negligence, conversion, replevin, and trespass to chattels. See Ampratwum v. City of New York, No. 11-CV-6111, 2013 WL 1935321, at *13 (S.D.N.Y. May 9, 2013) (collecting cases). Here, plaintiff has not attempted to exercise any of these remedies or alleged the inadequacy of such remedies. (See generally Am. Compl.; Pl. Mem.)

Instead, Plaintiff argues this deprivation occurred because of the operation of established state procedure. (Pl. Mem. ¶ 22.) Plaintiff's statement that the police conduct was "not random

6

and unauthorized," but, rather, a "calculated effort to remove the plaintiff from his home" in order to take valuable items, (id.), does not demonstrate that the police conduct was part of an "established state procedure," as discussed in Butler. Likewise, Plaintiff's unsupported assertion that this was "part of an established NYPD practice of overreaching in circumstances that required far less intrusive action" toward Plaintiff, (Pl. Mem. ¶ 29), even construed liberally, does not rise to the level of what can reasonably be considered a state procedure. See Butler, 896 F.2d at 700 ("[A] conclusory allegation of a pattern [of intentional deprivation of property] . . . without evidentiary support or allegations of particularized incidents, does not state a valid claim."). The Plaintiff fails to allege any evidence of an established state procedure that was used to unlawfully deprive him of his property.

Since there are state law remedies available to plaintiffs in this situation and Plaintiff fails to sufficiently allege a state-authorized procedure allowing the theft of belongings during an arrest, Plaintiff's claim fails as a matter of law.

Accordingly, the court grants Defendants' motion for summary judgment with respect to Plaintiff's deprivation of property claims against the Defendants.

### C.   State Tort Claims

Defendants argue that Plaintiff has failed to comply with the statutory preconditions required to bring a suit based on state law claims. (Defs. Mot. at 9.) Specifically, Defendants assert that, under New York General Municipal Law ("GML"), the City's request for a hearing under GML § 50-h shifted the burden to the Plaintiff to ensure that the hearing took place before his claims could proceed. (Id. at 9-10). Defendants' assertions are based on the assumption that GML § 50-h applies to police officer defendants. It is far from clear that this is the case.

The GML requires that a notice of claim be a "condition precedent [to] bringing personal injury actions against a municipal corporation and its officers, appointees and employees." Rose v. Cty. of Nassau, 904 F. Supp. 2d 244, 248 (E.D.N.Y. 2012) (citing N.Y. Gen. Mun. L. § 50-e and C.S.A. Contr. Corp. v. N.Y. City School Constr. Auth., 5 N.Y.3d 189, 192 (2005)). The requirement that plaintiffs attend a municipally-scheduled examination or "50-h hearing" is not so broad.

Unlike GML § 50-e's notice-of-claim requirement, § 50-h does not refer to claims filed against "officers, appointees and employees" of municipal corporations. See N.Y. Gen. Mun. L. § 50-h (referring only to claims filed against "a city, county, town, village, fire district, ambulance district or school district the city," and not to officers and employees); Gilliard v. City of New York, No. 10-CV-5187, 2013 WL 521529, at *15 n. 19 (E.D.N.Y. Feb. 11, 2013) (noting that failure to comply with § 50-h "precludes only claims against the City, not employees who are sued in their individual capacities alongside the City"). Defendants' arguments elide the distinction between the claims subject to the requirements of § 50-e and those described in § 50-h. In support, they rely solely on cases that refer to municipal liability. Maggio v. Palmer, 810 F. Supp. 50, 51 (E.D.N.Y. 1993) ("[N]o action may be commenced against a *municipality* unless the claimant has duly complied with a timely demand for examination." (emphasis added)); Marino v. Jonke, No. 11-CV-430, 2012 WL 1871623, at *9-10 (S.D.N.Y. Mar. 30, 2012) (discussing 50-h requirements only in the context of municipal defendants); Simon v. City of New York, No. 09-CV-1302, 2011 WL 317975, at *15 (E.D.N.Y. Jan. 3, 2011), adopted by 2011 WL 344757 (E.D.N.Y. Feb. 1, 2011) (discussing only the requirements of bringing a "state law tort claim *against a municipality*" (emphasis added)). As Defendants' reply memorandum observes, however, this court has already dismissed all claims of municipal

liability. (Defs. Reply Mem. (Dk. 73-24); Oct. 5, 2016, Min. Entry.) Plaintiff's current claim is raised solely against the Defendants in their individual capacities. Properly read, GML 50-h does not bar these claims after Plaintiff's failure to attend a municipally scheduled hearing. Plaintiff supplied a notice of claim as required by GML § 50-e. Thus, it is improper to dismiss this claim at this time.

Plaintiff's failure to raise this statutory argument in his response memorandum, (See Pl. Mem.), does not prevent this court from considering the argument. Rule 56 places the burden on the movant to demonstrate that he is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). If Defendants fail to do so, their motion may fail even if it is entirely unopposed. Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004) (noting that, even in the absence of a response, "the district court must still assess whether the moving party has fulfilled its burden of demonstrating . . . its entitlement to judgment as a matter of law").

Defendants have failed to demonstrate that Plaintiff's state tort law claims fail as a matter of law. Accordingly, the court denies Defendants' motion for summary judgment with respect to Plaintiff's state tort law claims against the Defendants.

## IV. CONCLUSION

Defendant's motion for partial summary judgment (Dkt. 73) is GRANTED IN PART and DENIED IN PART. Plaintiff's equal protection claim and deprivation claim are dismissed. The supplemental claims under state tort law may proceed along with the claims not addressed by this motion.

SO ORDERED.

Dated: Brooklyn, New York
January 17, 2018

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge